In the Matter of the Application for DISCIPLINARY ACTION AGAINST Glenn K. SWANSON, a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD, Petitioner,

v.

Glenn K. SWANSON, Respondent.

No. 950282.

Supreme Court of North Dakota.

Oct. 5, 1995.

## ORDER FOR DISCIPLINE

On June 14, 1995, the Hearing Body filed its Report with the Disciplinary Board, finding that Glenn K. Swanson was named as Personal Representative of the Ruth M. Berge Estate and in addition to acting as Personal Representative, Swanson acted as an attorney for the estate. As legal representative for the Estate, Swanson was to receive reasonable compensation for legal services furnished to the estate in addition to compensation for acting as Personal Representative.

The Hearing Body further found that Swanson did not timely prepare an inventory and appraisement for the estate and did not timely distribute the residuary assets of the estate to the trust created in the will. Swanson also failed to notify the Attorney General's office that a charitable trust had been established by the Ruth M. Berge Estate.

Swanson filed a Final Report and Account claiming Personal Representative fees and expenses totaling $79,411.65 less previous payments of $12,600.00 for a balance due of $66,811.65. Subsequently, Swanson, through his attorney, negotiated with the State of North Dakota and the Trustees to arrive at an agreed upon fee for services of $20,100.00 and filed an amendment to the Final Report and Account. The trial judge directed that the Final Report and Account as amended, be allowed and settled and that attorney's fees and expenses and Personal Representative fees and expenses be paid.

The Hearing Body found, by clear and convincing evidence, that Swanson violated Rule 1.3, North Dakota Rules of Professional Conduct (NDRPC), which requires a lawyer to act with reasonable diligence and promptness in representing a client; that Swanson violated Rule 1.1, NDRPC, which requires a lawyer to provide a client with competent representation, which includes legal knowledge, skill, thoroughness and preparation necessary for the representation.

The Hearing Body recommended a 90–day suspension of Swanson's license to practice law and further recommended that Swanson pay costs and attorney's fees in the amount of $5,925.30. On August 28, 1995, the Disciplinary Board of the Supreme Court submitted its Report to the Supreme Court under Rule 3.1(F), North Dakota Procedural Rules for Lawyer Disability and Discipline (NDPRLDD), affirming the Findings and Recommendations of the Hearing Body.

On September 29, 1995, the Disciplinary Board, through its counsel, Vivian E. Berg, and Swanson, through his attorney, Richard P. Olson, filed a Stipulation for resolution of this matter. In the Stipulation, the parties agreed that the Supreme Court may enter an Order in accord with the Findings and Recommendations of the Disciplinary Board. The Court considered the matter, and

ORDERED, that the Stipulation is approved and that by signing it, Respondent Swanson admits in accordance with Rule 4.2, NDPRLDD, that:

(1) he consents to the discipline freely and voluntarily, there is no coercion or duress, and he is fully aware of the implications of his consent;

(2) he is aware that grounds for discipline exist as set forth in the Report of the Hearing Body;

(3) he acknowledges that the material facts are true;

and

(4) he knows that the charges cannot be successfully defended.

IT IS FURTHER ORDERED, that Swanson is hereby suspended from the practice of law for 90 days from the date of this Order.

IT IS FURTHER ORDERED, that Swanson pay the costs and expenses of the disciplinary proceedings, in the amount of $5,925.30, payable to the Secretary of the Disciplinary Board.

IT IS FURTHER ORDERED, that Swanson give notice of this suspension and provide proof of compliance in accordance with Rule 6.3, NDPRLDD.

/s/ Gerald W. Vande Walle
    GERALD W. VANDE WALLE,
    Chief Justice

/s/ Herbert L. Meschke
    HERBERT L. MESCHKE,
    Justice

/s/ Beryl J. Levine
    BERYL J. LEVINE,
    Justice

/s/ Dale V. Sandstrom
    DALE V. SANDSTROM,
    Justice

NEUMANN, J., deeming himself disqualified, did not participate in this decision.